**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JIT SHI GOH,**<br><br>                                    **Plaintiff,**<br><br>v.<br><br>**COCO ASIAN CUISINE, INC. and FATT SENG LIM,**<br><br>                                    **Defendants.** | Civ. No. 15-6310 (KM) (MAH)<br><br>**MEMORANDUM OPINION** |

**MCNULTY, U.S.D.J.:**

    The plaintiff, Jit Shi Goh ("Goh"), brings this purported class action seeking to recover unpaid wages and overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. § 34:11-56a et seq., against his former employers, Defendant Coco Asian Cuisine, Inc. ("Coco") and Fatt Seng Lim ("Lim"). In short, Goh alleges that he worked as a chef for Defendants at a restaurant located in Edison, New Jersey, from August 1, 2011, to October 8, 2013. (Complaint, Dkt. No. 1 ("Compl.") ¶ 29) During that time, Goh alleges, he worked well in excess of forty hours a week, was not compensated in accordance with the minimum wage, and was not given overtime pay. (*Id.* ¶¶ 30-36) Goh also alleges that Defendants willfully filed fraudulent tax returns, in violation of 26 U.S.C. § 7434.

    Now before the Court are the motions of Defendants to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. Nos. 4, 6) Because I write for the parties, I write briefly and assume

1

familiarity with the case. For the reasons set forth below, the motions to dismiss will be denied.

**LEGAL STANDARDS**

Rule 12(b)(1) governs jurisdictional challenges to a complaint. These may be either facial or factual attacks. *See* 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A court considering such a facial challenge assumes that the allegations in the complaint are true, and may dismiss the complaint only if it nevertheless appears that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Cardio–Med. Assoc., Ltd. v. Crozer–Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983); *Iwanowa*, 67 F. Supp. 2d at 438.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that well-established "reasonable inferences" principle is not undermined by subsequent Supreme Court case law).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations must be sufficient to raise a plaintiff's right to relief beyond the merely speculative level to demonstrate that the claim is "plausible on its face." *Id.* at 570; *see also*

*Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). This requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While this "plausibility standard" does not amount to a "probability requirement," it does ask for "more than a sheer possibility." *Iqbal*, 556 U.S. at 678. Stated differently, in reviewing the well-pleaded factual allegations and assuming their veracity, this Court must "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

**DISCUSSION**

**A. Subject Matter Jurisdiction**

Defendants argue that the Court lacks subject matter jurisdiction over this action because diversity is lacking. Although diversity jurisdiction is one basis for invoking the jurisdiction of federal courts, federal question jurisdiction is another: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Complaint alleges a violation of the FLSA, a federal statute. Accordingly, the Court may exercise subject matter jurisdiction under Section 1331.

A federal question being present, the Court may exercise supplemental jurisdiction over Plaintiff's NJWHL claim. 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action...that they form part of the same case or controversy[.]"). Supplemental jurisdiction over the state law claims is particularly appropriate when such claims "are merely alternative theories of recovery based on the same acts" underlying the federal claims. *Lyon v. Whisman*, 45 F.3d 758, 759 (3d Cir. 1995). The claims asserted here are all based on the Defendants' alleged failure to pay minimum wage and overtime. Accordingly, the Court denies Defendants' motion to dismiss for lack of subject matter jurisdiction.

## B. Failure to State a Claim

Defendants also move to dismiss the complaint for failure to state a claim under the FLSA or the NJWHL. The FLSA "establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, __ U.S. __, __, 133 S.Ct. 1523, 1527, (2013). Section 206 prescribes the minimum wage, stating that "[e]very employer shall pay to each of his employees ... not less than ... $7.25 hour." 29 U.S.C. § 206(a)(1)(C). Section 207 mandates that an employee who works "longer than forty hours" in a single week must receive overtime pay "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(2)(C). The NJWHL is construed in parallel to the FSLA. *See, e.g., Thompson v. Real Estate Mortg. Network, Inc.*, 106 F. Supp. 3d 486, 490-91 (D.N.J. 2015).

Defendants argue that plaintiff has no claim because Coco Asian Cuisine does not meet the FLSA's definition of an "enterprise," and that Goh is not a covered "employee."

The FLSA minimum wage and overtime requirements offer two avenues to coverage, referred to as "individual coverage" and "enterprise coverage." *Juan Su v. Guang Yang Li*, 2011 WL 3329882, at *1 (D.N.J. Aug. 1, 2011). Individual coverage attaches when the employee is "engaged in commerce or in the production of good for commerce." Enterprise coverage attaches when the employee is "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a)(1). An "enterprise" is defined by the Act as one that

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000

29 U.S.C. § 203(s)(1)(A)(i)-(ii).

Although Defendants do not take issue with paragraph (i), they do argue that paragraph (ii) is not satisfied, because the business did not have annual gross sales of $500,000. The complaint, however, alleges that it does. Such attacks on a complaint's factual accuracy do not furnish a basis for dismissal on a Rule 12(b)(6) motion. *Su*, 2011 WL 3329882, at *4 (D.N.J. Aug. 1, 2011)("Arguments that merely attack the factual accuracy of the plaintiff's allegations, however, are improper arguments to support a motion to dismiss under Rule 12(b)(6).").

Defendants also appear to argue that Goh should not be considered an "employee" under the FLSA. Defendants contend that Goh was "not merely an employee, rather he was a shareholder, chief chef, and manager of the business." (Br. at 7) I find this argument to be without merit. The FLSA defines "employer" as "any person acting directly or indirectly in the interests of an employer in relation to an employee." 29 U.S.C. § 203(d). An "employee" is "any individual employed by an employer." *Id.* § 203(e)(1). Defendants have provided no authority stating that a person who holds shares or is a manager cannot also be an employee for purposes of the FLSA. *See Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 32, 81 S.Ct. 933, 936 (1961) ("There is nothing inherently inconsistent between the coexistence of a proprietary and an employment relationship."). In any event, Defendants' argument is again based on a factual dispute as to the nature of Goh's duties. Such an argument is better reserved for summary judgment after the benefit of discovery.

Finally, Defendants argue that the complaint fails to state a claim that Goh was not paid minimum wage and/or overtime because Goh was paid $4,740.00 per month, rather than the $3,600.00 alleged in the complaint. The discrepancy, say Defendants, arises from the fact that Goh received additional compensation in the form of room and board. Again, this raises factual matters inappropriate for consideration on a motion to dismiss.

I do note a potential problem, however, that should be explored in discovery and may arise in connection with summary judgment. Setting aside

5

the payment-in-kind issue raised by Defendants, Goh alleges that, from August 1, 2011, to October 8, 2013, he was paid $3,600 a month and that he worked 69 hours a week. (Compl. ¶¶ 29, 32, 35) Doing a rough calculation, this comes out to something like $13.04 per hour, well above the minimum wage of $7.25 per hour. 29 U.S.C. § 206(a)(1)(C); *see also* N.J.S.A. 34:11-56a4. Indeed, that rate appears to exceed the required overtime rate of one and one half times the minimum rate. The Complaint does not contain the facts necessary to perform the requisite calculation, however; I state these figures only as suggestive averages over time, and detailed records of wages and hours may paint a different picture.

**CONCLUSION**

For the reasons set forth above, Defendants' motions to dismiss the complaint are DENIED. An appropriate Order follows.

Dated: April 11, 2016

								_____
								HON. KEVIN MCNULTY, U.S.D.J.