## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

|  |  |  |
|---|---|---|
| **JIT SHI GOH, on behalf of himself and others similarly situated,** | : : : | **Civ. No. 15-6310 (KM) (MAH)** |
| **Plaintiff,** | : : | |
| **v.** | : : : | **REPORT AND RECOMMENDATION** |
| **COCO ASIAN CUISINE, INC., et al.,** | : : : | |
| **Defendants.** | : : | |

_____ :

This matter comes before the Court on this Court's May 24, 2017 Order to Show Cause why Defendants' claims against the Plaintiff should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41 [D.E. 59], and this Court's June 19, 2017 Order extending the deadline for Defendants to respond to the Order to Show Cause [D.E. 62]. Defendants failed to file a response to the Order to Show Cause by July 27, 2017. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument and has considered this matter on the papers. For the reasons below, the Court respectfully recommends that the District Court dismiss Defendants' counterclaims and grant default to Plaintiff.

### I.    Background

On August 20, 2015, Plaintiff Jit Shi Goh filed a Complaint against Defendants Coco Asian Cuisine, Inc. and Fatt Seng Lim, alleging violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.*, and of the New Jersey State Wage and Hour Law, N.J.S.A. § 34:11-56 *et seq. See* Complaint, D.E. 1, ¶ 1. On June 13, 2016, Defendants filed an Answer and Counterclaims against Plaintiff for misrepresentation, unjust enrichment, fraud, and bad faith. *See* Answer, D.E. 32.

On March 20, 2017, Defense counsel moved to withdraw.  In support of the motion, Defense counsel represented that the Defendants had refused to return his telephone calls. Affirmation of Oliver Zhou, Mar. 20, 2017, D.E. 4 ("Zhou Affirmation"), ¶¶5-6.  On November 16, 2016, the wife of Defendant David Lim told Defense counsel "that they would not defend this matter in court" because they believed Plaintiff would not continue to prosecute it, and because the Defendants did not wish to pay counsel's bills for services rendered.  *Id.* ¶ 5.  In a telephone conversation on March 7, 2017, the wife of David Lim told Defense counsel that Defendants intended to represent themselves in this litigation, and still did not believe Plaintiff would prosecute his claims.  *Id.* ¶ 6.

The Court set a May 24, 2017 hearing date for Defense counsel's motion to withdraw, and specifically required that Defendants attend the hearing in person.  *See* April 2, 2017 Order, D.E. 57.  However, Defendants failed to appear at the hearing or otherwise request an adjournment.  As a result, the Undersigned issued an Order to Show Cause why the Court should not find them in default for failure to prosecute pursuant to Federal Rule of Civil Procedure 41. *See* Order to Show Cause, May 24, 2017, D.E. 59.  The Order to Show Cause instructed Plaintiff's counsel to deliver a copy of the Order to Defendants via certified mail and overnight mail by May 30, 2017, and to file a certification of service on or before June 12, 2017.  Plaintiff filed an Affidavit of Service for the Order on June 12, 2017.  *See* D.E. 61.  Also on June 12, 2017, Plaintiff filed a letter stating that the Order mailed via certified mail was returned as undeliverable.  *See* D.E. 61.

In another effort to provide the Defendants with notice of the Order to Show Cause, the Undersigned issued an Order on June 19, 2017, that: (1) instructed Oliver Zhou, Esq., Defendants' former counsel, to provide Plaintiff with the Defendants' last known address; (2)

instructed Plaintiff to serve the Defendants by Certified Overnight Mail; and (3) extended the date by which Defendants were required to respond to the Order to Show Cause. *See* D.E. 62. On June 11, 2018, Plaintiff submitted a letter stating that he had contacted Mr. Zhou, who did not respond to the request for Defendants' addresses. Plaintiff further stated he sent the Court's June 19, 2017 Order to Defendants via overnight mail on July 6, 2017, which was returned to Plaintiff on July 12, 2017.

As of the date of this Report and Recommendation, Defendants have failed to respond to the Order to Show Cause or seek any extension of time to respond. Nor have Defendants contacted the Court to update their address and contact information, or otherwise inquired into the status of this action.

## II.    Legal Analysis

### A.    Standards for Dismiss under Federal Rule of Civil Procedure 41(b), 37(b)(2)

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute of defend a case. *See* Fed. R. Civ. P. 41(b). Under Rule 41(b), dismissal of a defendant's counterclaims may be appropriate for failure to "prosecute or comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also* Fed. R. Civ. P. 41(c) (stating that Rule 41 also applies to dismissal of counterclaims, crossclaims, or third-party claims.). However, where a sanction may "deprive a party of the right to proceed with or defend against a claim," courts must weigh the six factors articulated by the Third Circuit in *Poulis v. State Farm Casualty Co.,* 747 F.2d 863 (3d Cir. 1984) in deciding whether to strike a pleading or dismiss an action all together. Specifically, the Court must consider: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness,

(4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868; *Emerson v. Thiel College*, 296 F.3d 184, 190 3d Cir. 2002) (applying *Poulis* factors). No single *Poulis* factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *Hovey v. LaFarge North America Inc.*, Civ. No. 07-2193, 2008 WL 305701, *2 (D.N.J. Jan. 29, 2008) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). *See also Rosado v. Adams*, Civ. No. 07-1914, 2009 WL 1181217, *1-3 (M.D. Pa. April 30, 2009) (applying *Poulis* analysis to dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)); *Vrlaku v. Citibank*, Civ. No. 05-1720, 2005 WL 2338852, *2-3 (D.N.J. Sept. 23, 2005) (same, and noting that "[a] Court may raise a motion to dismiss an action under Rule 41 sua sponte under its inherent case management powers."). *See also OPTA Systems, LLC v. Daewoo Electronics America*, 483 F. Supp. 2d 400, 404 (D.N.J. 2007) ("Failure to prosecute does not require that a party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution.") (citations omitted). Although not all of these factors necessarily apply in every case, the Court is obligated to consider any factors that do apply.

### B.   Consideration of the *Poulis* Factors

#### i.   The extent of the party's personal responsibility

In the instant case, Defendants' failure to comply with court rules and court orders appears to be solely their own doing. The record reflects that Defendants have failed to take the basic action necessary to litigate this matter. Defendants have failed to appear in response to the Court's Order requiring them to attend the May 24, 2017 hearing regarding Defense counsel's motion to withdraw as attorney. Defendants also have failed to respond to the Court's Order to Show Cause issued on May 24, 2017. Nor have Defendants contacted the Court to explain their

failure to comply, to seek more time to do so, or even to update their address.  As a result, this case has been brought to a virtual standstill with no indication that Defendants intend to defend themselves or to prosecute their counterclaims.  Accordingly, the Undersigned can conclude only that Defendants do not intend to further litigate this matter and have willfully chosen to abandon this suit. Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### ii.    Prejudice to the Adversary

The Court must next consider whether Defendants' failure to prosecute this litigation has prejudiced the Plaintiff.  Prejudice is not limited to irreparable harm, but may include depriving a party of necessary information or the ability to prepare for trial.  *Clarke v Nicholson*, 153 Fed. Appx. 69, 73 (3d Cir. 2005) (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003) (finding that plaintiff's delay and failure to comply with discovery requests prejudiced defendant); *Porten v. Auto Zone*, Civ. No. 10-2629, 2011 WL 2038742, *2 (D.N.J. May 24, 2011) (relying on *Clarke* and *Ware* to find prejudice to defendant and grant dismissal motion where plaintiff apparently abandoned claims).  In this case, Defendants' inactivity and failure to comply with the Court's Orders has prejudiced Plaintiff.  This case is nearly three years old and has been brought to a virtual standstill due to Defendants' failure to participate in this matter. Accordingly, this *Poulis* factor favors dismissal of Defendants' claims.

### iii.    History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Defendants' dilatoriness and whether they have acted in bad faith.  Since at least May 24, 2017, Defendants have, by all appearances, abandoned this litigation.  Indeed, since the Court granted Mr. Zhou's motion to withdraw as counsel on May 24, 2017, *see* D.E. 59, Defendants have not contacted the Court or opposing counsel, nor has any new counsel entered an appearance on

behalf of Defendants.  The record before the Court establishes that for nearly a year, Defendants have made no effort to comply with their obligations in this litigation, or to request additional time to retain new counsel, or to explain to the Court and Plaintiff's counsel their inability to litigate this matter.

Further, Defendants have failed to update their mailing addresses as required by Local Rule Civil 10.1, which provides in pertinent part that

> Counsel and/or unrepresented parties must advise the Court of any change in their or their client's address within seven days of being appraised of such change by filing a notice of said change with the Clerk.  Failure to file a notice of address chance may result in the imposition of sanctions by the Court.

The onus is on Defendants to provide any change of address, which they have failed to do. Therefore, the Court must conclude on the record before it that Defendants' failure to comply with its Orders and their failure to update the Court of any changes in their mailing addresses was willful and that they have chosen not to pursue their counterclaims.  *Porten*, 2011 WL 2038742, *2.  Accordingly, this factor also favors dismissal of Defendants' claims.

### iv.    Alternative Sanctions

This factor also favors dismissal, for several reasons.  First, Defendants' failure to comply with the Court's Orders, or explain their inability to do so, or to contact the Court such as to update their addresses and contact information, strongly suggests that Defendants have abandoned their counterclaims.  *Porten*, 2011 WL 2038742, *3.  Second, the United States Court of Appeals for the Third Circuit has recognized that monetary sanctions such as fines, costs, and attorneys' fees may be inappropriate or impractical in certain situations, such as when plaintiff is proceeding *pro se*.  *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002).  In this case, there is no plausible reason to believe that any such fine or attorney's fees would spur Defendants to resume actively litigating this case.

### v.   Meritoriousness of the Claim or Defense

Finally, the Court must consider the merits of Plaintiff's claims and Defendants' defenses and counterclaims. However, the Defendants' failure to respond to the Court's Orders, to appear on May 24, 2017, or otherwise communicate with the Court or Plaintiff's counsel, renders this analysis impossible. Therefore, this factor is neutral.

### III.   Conclusion

On balance, the pertinent *Poulis* factors weigh in favor of the entry of default in Plaintiff's favor on its claims against Defendants, and dismissal of Defendants' counterclaims. Therefore, the Undersigned respectfully recommends that Defendants' Answer be stricken pursuant to Rule 41(b), their counterclaims dismissed, and default entered in Plaintiff's favor.

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).


**s/ Michael A. Hammer**
**UNITED STATES MAGISTRATE JUDGE**

Date:   July 23, 2018